MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Defendant and Counterclaimant
LINDA S. GREEN, CHAPTER 11 TRUSTEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SUPERIOR ACQUISITIONS, INC.<br><br>Debtor.<br>_____<br><br>DMRG, LLC, a California<br>limited liability company;<br><br>Plaintiff,<br>v.<br><br>LINDA S. GREEN, Chapter 11 Trustee of<br>the Estate of Superior Acquisitions, Inc.;<br>SUPERIOR ACQUISITIONS, INC.<br><br>Defendants<br>_____ | Case No. 10-13730<br>(Chapter 11)<br><br>A.P. No. 11-1034<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.Civ.P. 12(b)(6**<br><br>Hearing Date: April 1, 2011<br>Time: 9:00 a.m.<br>Santa Rosa Courtroom |

## **INTRODUCTION**

This complaint is properly resolved by a dispositive motion because it turns on a discreet legal issue. That is, does an "absolute assignment of rents" executed in connection with a secured real estate loan divest the borrower of ownership rights in the rental income ? As will be shown below, the answer to that question is clearly "no." That being the case, the instant complaint must be dismissed.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

As of the filing of the petition for relief the Debtor Superior Acquisitions, Inc. owned various real property, including two office buildings located at 43467 Highway 299E, Fall River Mills, CA and 965 Parallel Dr., Lakeport, CA (Complaint, p. 2:26- p.3:3). Both properties were separately rented by the Debtor to the California Department of Motor Vehicles, (*id* p.4:19 -p. 5:6).

The properties were subject to separate prepetition notes secured by first deeds of trust in favor of Umpqua Bank. Concurrently with the deeds of trust, the Debtor executed a recorded "Assignment of Rents" for each property, (*id,* p.4:4-17). Plaintiff DMRG, LLC purports to be the assignee of the subject loans, deeds of trust, and assignment of rents, (*id*, p. 6).

The form "Assignment of Rents" are identical for each loan. The documents state in relevant part:

> "For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property.....
> This is an absolute assignment of Rents made in connection with an obligation secured by property pursuant to California Civil Code section 2938..." (Complaint, Exhibits F and G).

As of October, 2009, the Debtor defaulted on both loans and the lender made a direct demand for turnover of the rents (Complaint, p. 5:8 - p. 6:2).

In November of 2010, two months *after* the filing of the petition for relief, the DMV turned over a total of **$90,800** in back rents to the Plaintiff (*id,* pp. 7-8). The Complaint admits that the Debtor and the Trustee have demanded a turnover of these post petition collections, but the Plaintiff has refused to do so (*id,* p. 8:6-16).

The first and second claims for relief seeks a declaratory judgment that these post petition collections are the property of DMRG, not the Estate. The third claim for relief demands turnover of any post-petition rents collected by the Estate. The fourth claim for relief seeks to enjoin the Estate's use of post-petition rents, also based on the claim that DMRG, not the Estate,

is the owner of these rents. (*id,* pp. 8-11).

## ARGUMENT

**1. THE COMPLAINT MUST BE DISMISSED BECAUSE IT IS ENTIRELY BASED ON THE ERRONEOUS LEGAL THEORY THAT THE LENDER IS THE OUTRIGHT OWNER OF RENTAL INCOME FROM THE ESTATE'S REAL PROPERTY**

### A. California Civil Code Section 2938 Nullifies "Absolute" Assignment of Rents Clauses

DMRG admits that the Estate still owns fee title to the subject real property. DMRG claims that it, not the Estate, owns the rental income from the subject real property, due to the "absolute" assignment of rents "pursuant to California Civil Code Section 2938" contained in Exhibits F & G.

This meritless contention can be promptly refuted by an examination of Civil Code Section 2938(a), the statute referred to in the document. It states:

> A written assignment of an interest in leases, rents, issues, or profits of real property made in connection with an obligation secured by real property, **irrespective of whether the assignment is denoted as absolute,** absolute conditioned upon default, additional security for an obligation, or otherwise, shall, upon execution and delivery by the assignor, be effective to create a present security interest in existing and future leases, rents, issues or profits of that real property....(Emphasis added)

Lest there be any remaining doubt, 1 Bernhardt *California Mortgage & Deed of Trust Practice*, 4th Ed. (CEB 2010) Section 6.25, p. 419 explains:

> Under the current CC Section 2938, an assignment of rents executed on or after January 1, 1997, made in connection with an obligation secured by real property gives the assignee a present security interest in the rents "irrespective of whether the assignment is noted as absolute, absolute conditioned upon default, additional security for an obligation, or otherwise." **Thus, as of January 1, 1997, a literally enforceable absolute or conditional absolute assignment of rents may no longer be created....**(Emphasis added).

Bernhardt further cautions at *id* Section 6.26:

> ...the careful practitioner should treat any rents provisions (even

those created before 1997) as requiring some form of enforcement
step and should act accordingly (generally by seeking a
receivership).

Civil Code Section 2938 makes it quite clear that DMRG has not acquired outright ownership of the Estate's rental income. As it states elsewhere in the subject "Assignment of Rents", all DMRG acquired was a "....continuing *security interest* in, all of Grantor's right, title, and interest in and to the Rents..." (Complaint, Exs. F & G). Plaintiff is a lienholder, not an owner.

### B. Plaintiff's Purported Ownership Claims Are Further Nullified By Bankruptcy Code Section 541(a)(6)

Bankruptcy Code Section 541(a)(6) states in relevant part:

> The commencement of a case...creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except as are earnings from services performed by an individual debtor after the commencement of the case.

The effect of this statute on a purported "absolute" assignment of rents clause was the subject of *In re Amarvathi Partnership,* 416 BR 618 (Bankr. S.D. Tex. 2009). In that case a Chapter 11 debtor filed a motion to use cash collateral, consisting of rental income from an apartment complex. Like the Plaintiff DMRG in the instant case, the secured creditor objected, arguing that due to an "absolute" assignment of rents clause contained in the deed of trust the rental income was not "collateral", it was the lender's property outright. Unlike the situation here, such an argument was supported by Texas law. In a lengthy, scholarly decision, the bankruptcy court rejected the lender's claim, holding that the unambiguous language of Section 541(a)(6) preempts any contrary state law. The court held that the rents were merely "cash collateral" and proceeded to authorize the debtor to use the cash collateral pursuant to Section 363. See also *In re Vienna Park Properties*, 976 F.2d 106, 114 (2d. Cir. 1992) and *In re Wheaton Oaks Officer Partners Ltd. P'ship,* 27 F.3d 1234, 1240 (7th Cir. 1994).

Pursuant to the plain text of Section 541(a)(6) the rental income from the Debtor's property is property of the estate, not property of the Plaintiff DMRG.

### **CONCLUSION**

Plaintiff DMRG's ownership claim in the rental income arising out of the Estate's real property is directly contrary to both California law and the Bankruptcy Code. Its complaint is wholly without merit, and should be dismissed.

Dated: March 3, 2011       MacConaghy & Barnier, PLC

              /s/ JohnH. MacConaghy
              John H. MacConaghy
              Attorneys for Defendant and Counter-claimant
              LINDA S. GREEN, CHAPTER 11 TRUSTEE