UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUPERIOR ACQUISITIONS, INC.,                  No. 10-13730

                            Debtor(s).
_____/

DRMG, LLC,

                            Plaintiff(s),

           v.                                A.P. No. 11-1034

LINDA GREEN, Trustee,

                            Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       This adversary proceeding seeks a determination of rights between a bankruptcy trustee and a secured creditor as to rents from real property. Chapter 11 Trustee and defendant Linda Green has made a motion to dismiss the complaint. For purposes of the motion, the court assumes that everything in the complaint is true.

       Somewhat simplified, the facts are as follows: The debtor owns real property and rents it out to the California Department of Motor Vehicles. Plaintiff DRMG, LLC, holds a deed of trust on the

1

property which contains and absolute assignment of rents. Prior to bankruptcy, the debtor defaulted and DRMG sent a notice to the DMV stating that rents should henceforth be paid to it. DRMG collected some rents before bankruptcy. However, because of budget problems, the DMV did not pay rents which accrued before bankruptcy until after the petition was filed. Postpetition, the DMV paid about $90,000.00 in rent, most of which was attributable to prepetition rent.

The Trustee argues that the rents are property of the estate subject to DRMG's security interest and may accordingly be used by the Trustee pursuant to section 363(c) of the Bankruptcy Code so long as she can demonstrate that DRMG is adequately protected. DRMG argues that it is the lawful owner of the rents and therefore may keep them even if the Trustee could show that it is adequately protected.

Under California law, no special rights are created by denoting an assignment of rents as "absolute." All assignments of rents in California create only "a present security interest in existing and future leases, rents, issues, or profits of real property." Cal. Civ. Code § 2938(a). DRMG argues that this changes when there has been a default and demand has been made to the tenant, but the court sees nothing in the statute which give the assignee anything more than the right to collect the rents under such circumstances. Nowhere in the statute is there any indication that unpaid rents are ever anything more than collateral. Nor does it seem to matter whether the unpaid rents are on account of prepetition or postpetition rent obligations; the assignee has nothing more than a security interest in them.

The court sees no authority for DRMG's core position that because its assignment of rents was absolute it became the owner of the rents upon default and demand on the tenant. This position is undercut by the statute itself, which gives no special rights to an assignee under an absolute assignment[1] and gives the assignee no rights beyond the right to collect the rents after default.

This result is hardly unfair to DRMG. The Bankruptcy Code does allow the Trustee to use the

---

[1] Section 2938(a) limits secured creditors to a security interest "irrespective of whether the assignment is denoted as absolute, absolute conditioned upon default, additional security for an obligation, or otherwise."

2

rents, but she must first show that DRMG is protected from loss if the rents are used. This furthers the purposes of reorganization while fully protecting the secured creditor's interest. This is exactly the balance intended by Congress in fashioning § 363.

For the foregoing reasons, it shall be deemed without controversy in this adversary proceeding that any rents not received by DRMG before filing are property of the bankruptcy estate subject to DRMG's security interest and may not be used by the Trustee absent consent of DRMG or order of the court. If the parties agree that this Memorandum resolves all issues, counsel for the Trustee shall submit an appropriate form of declaratory judgment.

Dated: June 27, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge